## No. 148
### SIDDALL v. McNARY et al
Ohio Court of Appeals, Lucas County
No. 1238, Jan. 29, 1923
This Opinion Has Been Publbished in
The Abstract Only
Appeal from Court of Common Pleas

**CREDITORS—(1) Creditors of a decedent must recover through administration proceedings.**

### EPITOMIZED OPINION
CHITTENDEN, J.:

Jesse Siddall and Amanda Siddall owned certain property jointly and Amanda Siddall upon her death devised her half of it, to Jesse Siddall for his life and at his death to her sons, McNary and McEnerney. Jesse Siddall brought action to partition the estate, setting off his interest in severalty. The sons in a cross-petition claim that they are creditors of Amanda Siddall and that the conveyance to Siddall by devise was made for the purpose of defrauding them. Held:

1. All wills provide for the payment of just debts and even if they did not so provide, payment would be made in administration proceedings. Creditors of a decedent are entitled to no relief by other methods.

Attoyners—John A. Price, for Siddall; M. C. McEnerney, for McNary.

## No. 149
### CLEVELAND RAILWAY CO. v. ARTER
Ohio Court of Appeals, Cuyahoga County
No. 4062, Jan. 29, 1923
This Opinion Has Not Been Published Elsewhere

**PERSONAL INJURY—(1) Railway Company must provide safe means for passengers to alight—(2) Court may deviate from technical language in charge to jury—(3) Failure of counsel to reduce requests to writing amounts to waiver of rights—(4) Determination of damages a function of the jury.**

### EPITOMIZED OPINION
Error to Cuyahoga Court of Common Pleas
LEVINE, J.:

Arter was a passenger on the railway company's car and while the car was moving on Detroit avenue from W. 89th street to W. 84th street in Cleveland the center doors of the car being open, Arter was removed from the car and fell to the pavement, sustaining injuries. Arter claims that he was thrown from the car, but the railway company claims that Arter wilfully jumped from it. Held:

1. Although allowing the doors of a car in motion to remain open while being operated between stopping places is not of itself negligence, the railway company must provide its passengers with a safe means of alighting.

2. Failure to use language technically correct from a legal standpoint is not error, if the jury could not mistake its meaning.

3. When counsel is requested by the court to reduce to writing his requests to charge jury, it is his duty to comply, and his failure to do so may be considered as a waiver of his rights to request a charge at a later time. A client is bound by the acts of his attorney in this respect, as much as if he had expressly made it by word of mouth. In commenting upon this holding the court said:

"It is conceded that it is incumbant upon a trial court to grant all proper requests made by either counsel. Does counsel owe any duty to the court? In theory, at least, attorneys are deemed officers of the court. Is it an idle phrase, or a mere fiction? A lawsuit, for a long time, has been looked upon as a game to be won or lost by a particular move. In consequence, many pitfalls, loopholes, land even traps, have caused conscientious judges, presiding in lawsuits to fall into grave and serious error. If counsel, with full knowledge of the law, deliberately or indifferently permits the court to fall into error, can it be said he is performing his full duty toward the court? Substantial justice is, or should be, the aim of every trial. The judge and jury, as well as the counsel on both sides, must work to that end."

4. When reasonable minds might differ as to the amount of damages ,the determination of such damages is a proper function of the jury.

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; Day, Day & Wilkin, for Arter.

## No. 150
### EMPIRE PLOW CO. v. FISHEL & MARKS CO.
Ohio Court of Appeals, Cuyahoga County
No. 4123, Jan. 22, 1923
Exclusive Publication of This Opinion Can Be Found in The Abstract

**WARRANTY—Measure of damages for breach of (1) Effect of General Verdict—(2) Erroneous instruction as to one issue.**

Court of Common Please

### EPITOMIZED OPINION
SAYRE, P. J.:

This was an action to recover damages for breach of warranty of 250 bars of steel angles, and six causes of action were set forth in the petition. The evidence, over objection, showed that the plaintiff had sold the steel angle bars for $2.75 per cwt. which was a higher price than for which they had been bought by it. The court charged the jury that the measure of damages is the difference between the contract price and the price of the material that the contract called for, at the time of the delivery and if there was no time of delivery then within a reasonable time from the time of the contract. The jury found there was no warranty, and no damages. The charge and the admission of evidence as to the sale of the angles at a profit were the errors complained of, and they do not deal with the issue as to whether there was a warranty but relate to the question of damages. The appellate court held that, assuming that the evidence was inadmissible, its admission did not constitute prejudice error because:

1. Where a number of distinct issues are submitted to a jury, arising upon distinct causes of action and defenses, and the verdict of the jury is general, the erroneous admission of evidence of one of these issues does not of itself render the judgment, entered upon the verdict erroneous, citing 54 OS. 64.

2. Assuming that the charge objected to was erroneous, it was not reversible error because:

Where two issues are presented by the pleadings an errioueous instruction to the jury on one issue, where the verdict is general, will not require the court to reverse the judgment enterd on the verdict for error i nthe instructions relating exclusively to one of the issues, 60 OS. 69.

Attorneys—Mooney, Hahn, Loeser & Keough, for plaintiff in error; Klein & Harris and T. S. Dunlap, for defendant in error.